IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.                                        Case No.: 23-cr-48-wmc

CALVIN M. HENDERSON, SR.,

            Defendant.

---

### PLEA AGREEMENT

---

1. This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to waive indictment and plead guilty to the single-count information filed by the United States Attorney's Office. This count charges a violation of Title 18, United States Code, Section 922(g)(1), which carries maximum penalties of fifteen years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, hemay be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal

and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5. **WITHDRAWAL OF MOTION TO SUPPRESS:** The defendant has filed a motion to suppress evidence (R. 18). The defendant understands that this is not a conditional plea under Federal Rule of Criminal Procedure 11(a)(2), and accordingly, this guilty plea renders his motion moot. The defendant agrees to withdraw that motion without further review or judicial determination. If the Court rejects this plea agreement and the defendant withdraws his guilty plea, the defendant may resume litigation of that motion.

6. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

**FELONY CONVICTION**

In Dane County case number 05CF1668, the defendant was convicted of Substantial Battery and on April 20, 2006, was sentenced to one year and four months in state prison to be followed by two years of extended supervision.

**FACTS**

On January 26, 2023, at approximately 2:57 p.m. Fitchburg detectives went to 2401 Post Road Apartment 207, City of Fitchburg, Western District of Wisconsin to execute a search warrant. The defendant was a resident of that apartment and was present in the apartment along with three others when officers arrived.

Detectives then executed the search warrant and found a loaded Kahr CM9 9mm handgun under a mattress in one of the bedrooms. The defendant admitted that the Kahr handgun was his. Underneath a refrigerator in the same bedroom, officers also found a Ruger 9mm.

The defendant said that he knew he was a convicted felon and could not possess a gun. He said that he purchased the Ruger handgun and gave it to his roommate.

The Wisconsin State Crime Laboratory analyzed buccal swabs taken from the defendant and swabs from each of the guns recovered in this case. The analyst reported that there was very strong support for inclusion of the defendant's DNA in swabs taken from the Kahr and Ruger handguns.

**NEXUS**

ATF Special Agent Mike Aalto reports that the Kahr handgun was manufactured in Massachusetts, the Winchester ammunition manufactured in Illinois, and the Ruger handgun manufactured in Arizona.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

7. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

8. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before ~~October 4,~~ 2023.   *GB*
October 5, 2023

9. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all

3

financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

10. FORFEITURE: The defendant agrees not to file a claim to any property in any civil, administrative or judicial proceeding, which has already been initiated or which may be initiated in the future including the forfeiture of assets which were seized by the Fitchburg Police Department. Defendant agrees to waive all time limits and his right to notice of any forfeiture proceeding involving this property. Defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding.

11. The defendant agrees that he is the sole owner of all the seized property, and agrees to hold the United States, its agents and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement.

12. The defendant agrees to consent to the order of forfeiture for the seized property and waives the requirement of the Federal Rules of Criminal Procedure 32.2 and 43(a), regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits that each of the seized property items is subject to forfeiture because they were involved in the offense or are traceable to property involved in the offense and defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

13. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States, the State of Wisconsin, or its subdivisions.

14. The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

15. In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in the property and

consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

16. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

17. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

18. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

October 5, 2023

Date

By: _____
COREY STEPHAN
Assistant United States Attorney

10/5/2023
Date

_____
ELIZABETH BLAIR
Attorney for the Defendant

10-5-2023
Date

_____
CALVIN M. HENDERSON, SR.
Defendant

5

## ACKNOWLEDGEMENTS

I, CALVIN M. HENDERSON, SR., am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

10-5-2023
Date

*Calvin M. Henderson Sr.*
CALVIN M. HENDERSON, SR.
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10/5/2023
Date

ELIZABETH BLAIR
Attorney for Defendant