IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

   v.               Case No. 23-cr-48-wmc

CALVIN M. HENDERSON,

     Defendant.

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

The United States of America, by Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, by Corey C. Stephan, Assistant United States Attorney for that district, hereby submits this sentencing memorandum.

**1. Nature and Circumstances of the Offense**

The defendant has prior felony convictions for offenses including substantial battery and felon in possession of a firearm. (Docket 50 "PSR," ¶ 26).

On January 26, 2023, law enforcement executed a search warrant at the defendant's apartment in Fitchburg. (PSR, ¶ 11). Detectives had been investigating a shooting that happened the month prior and one of the suspects from that incident, Sam Crump, lived with the defendant. (PSR, ¶¶ 12-13). The investigation revealed that there had recently been an overdose at the apartment, and the defendant administered naloxone to the affected person. (PSR, ¶ 14). Detectives also received information that the defendant was selling drugs from the apartment and had firearms. (PSR, ¶ 15). After a customer was arrested leaving the apartment with heroin and said that they got

it from the Crump, detective applied for and received a search warrant. (PSR, ¶¶ 17-18). The customer also said that the defendant had firearms in his bedroom and larger quantities of heroin and cocaine.

Law enforcement approached the apartment and after some time ordered the occupants out. (PSR, ¶ 17). Inside were the defendant, Crump, Lorenzo Lacey, and Irene Johll. (Lacey was also a suspect in that prior shooting, PSR, ¶ 13, and Johll and Lacey were both charged for the straw purchase of the Glock 19 found in this case).

During the search, detectives found evidence of drug packaging and use, white powder next to the toilet (leading them to suspect occupants flushed drugs prior to the search), guns, and magazines and ammunition. (PSR, ¶ 19). In the defendant's bedroom was a loaded Kahr CM9 9mm handgun. Also located in the defendant's room were loaded Ruger 9mm and loaded Glock 19 9mm handguns. The Ruger was listed as stolen. (PSR, ¶ 20).

The defendant was interviewed and said that he lived in the apartment with Crump and confirmed the bedroom he stayed in. (PSR, ¶ 20). He admitted to flushing around 7 grams of cocaine down the toilet knowing that law enforcement was outside of the apartment. He also knew that he was a felon and could not possess guns. Yet he said that the Kahr 9mm was his, that he purchased the stolen Ruger 9mm and gave it to Crump, and that he had handled Lacey's Glock. The defendant said that Crump and Lacey put their guns in his bedroom when the SWAT team was knocking on the door. The defendant admitted that he had guns for protection due to his involvement in drug trafficking.

**2. The History and Characteristics of the Defendant**

The defendant is 46 years old. (PSR, p. 2). His criminal history started in 1996 when he was 18 years old when he was selling marijuana from an apartment in Chicago and having 13 pre-packaged bags of marijuana in his pocket. (PSR, ¶ 50). Later that same year he was convicted of a felony drug possession for dropping a bag that contained 22 packages of cocaine base (PSR, ¶ 51), and another felony drug offense for dropping a bag with 15 packages of cocaine base. (PSR, ¶ 52).

In 1996 he ran from Chicago police officers and threw a bag of marijuana. (PSR, ¶ 54). In 1998 during a traffic stop he tried to hide two bags of marijuana in the dashboard of the vehicle. (PSR, ¶ 55). He was arrested for a marijuana offense in 2000 and found to have a bag of cocaine base in his coat pocket. (PSR, ¶ 56).

The defendant was convicted of felon in possession of a weapon in 2001 when he was 23 years old. (PSR, ¶ 58). In that case there were also drug trafficking charges that were not prosecuted. He was sentenced to three years in prison.

When the defendant was 27, he was convicted in 2005 of substantial battery while using a dangerous weapon in Dane County, Wisconsin. (PSR, ¶ 59). A charge of armed robbery was dismissed. There, the defendant beat the victim with a handgun while demanding money. The victims said they had so much blood in their eyes their vision was blurry. The defendant was sentenced to 16 months in prison.

At age 34 in 2012 the defendant was convicted of disorderly conduct for striking his former roommate during an argument.

The defendant was convicted in 2014, at age 37, of felon in possession of a firearm and possession of marijuana. (PSR, ¶ 61). A search warrant was served at the defendant's apartment in Sun Prairie, Wisconsin, and a handgun and drug paraphernalia was found in his bedroom. The defendant admitted he was a felon, said that he smoked marijuana daily, and purchased the handgun six months earlier from a friend. He was sentenced to nine months in jail. His work release was revoked when he left the jail with two other inmates who overdosed. The defendant admitted that he intended to assist the two other inmates in getting heroin.

3. **The Need for the Sentence Imposed**

The defendant should have aged out of drug trafficking and weapons related criminal conduct, even if struggling with drug addiction. He did appear to have a period of stability when he got married in 2014 and had children (PSR, ¶ 96), but he eventually went back to his previous lifestyle. He and his wife separated in 2021 over his continued substance use. This is an unfortunate outcome. But it goes beyond personal tragedy when it involves drug trafficking and weapons offenses.

The defendant has a long criminal history replete with drug, gun, and violent offenses. He associates with people involved in a shooting, deals drugs, and has surrounded himself with firearms to protect himself from his involvement in the drug trade.

He has demonstrated for 25 years that he will not be deterred by arrest, conviction, community supervision, jail, or prison. He has not been able to get himself free from drugs. And he continues to engage in behavior that creates a very real and

4

alarming danger to the community.

**4. Conclusion**

For these reasons, the government respectfully recommends that a lengthy period of incarceration at the high end of the advisory sentencing guideline range is appropriate in this case.

Dated this 29th day of December 2023.

Respectfully submitted,

TIMOTHY M. O'SHEA
United States Attorney

By: /s/
COREY C. STEPHAN
Assistant United States Attorney